FILED
United States Court of Appeals
Tenth Circuit

October 25, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK EDWARD BROWN,

Defendant-Appellant.

No. 07-5006
(D.C. No. 06-CR-126-HDC)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge and
**TYMKOVICH**, Circuit Judge.

Mark Edward Brown was convicted and sentenced to 162 months in prison

for attempted robbery, brandishing a firearm during a crime of violence, and

possession of a firearm after being convicted of a felony. He appealed, but his

attorney filed an *Anders* brief raising the possible issues that could be presented

on appeal and explaining that the issues are frivolous. *See Anders v. California*,

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

386 U.S. 738, 744 (1967). Mr. Brown filed a response, citing two other issues for appeal. We have independently reviewed the record and agree with counsel that the issues presented on Mr. Brown's behalf are wholly frivolous. Accordingly, we dismiss the appeal.

## I.

Mr. Brown and two other men attempted to rob a grocery store in Tulsa, Oklahoma. Mr. Brown remained in his car while his two associates, Mike Curley and a third suspect, entered the store and approached the store's assistant manager. Curley produced a semi-automatic pistol and pointed it at the assistant manager's head. A struggle over the gun ensued until a customer carrying a concealed weapon fired two rounds, wounding Curley. Curley and the third suspect fled from the store in a car driven by Mr. Brown.

Mr. Brown was eventually apprehended and charged as a principal under 18 U.S.C. § 2 with one count of attempted robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a); one count of brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of possession of a firearm after a former conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was convicted on all counts and sentenced to a total of 162 months in prison. After Mr. Brown filed his notice of appeal, his attorney filed an *Anders* brief asserting three potential, albeit frivolous, appellate issues: (1) whether there was sufficient evidence to

sustain Mr. Brown's convictions; (2) whether certain evidence was improperly admitted; and (3) whether Mr. Brown was denied effective assistance of counsel. Mr. Brown responded, alleging that he also was denied his right of self-representation during trial and improperly denied substitute counsel after trial. We consider counsel's *Anders* issues first.

## II.

### A. *Anders* Issues

1. Sufficiency of the Evidence

Our review for sufficiency of the evidence "is limited to determining whether a reasonable jury could find guilt beyond a reasonable doubt, based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom." *United States v. Chisum*, __ F.3d __, 2007 WL 2769647, *5 (10th Cir. Sept. 25, 2007) (internal quotation marks omitted). The record before us contains ample evidence to sustain Mr. Brown's convictions. The evidence showed that after Curley was shot, he and the third suspect were picked up by Mr. Brown in a white Oldsmobile Cutlass. The Oldsmobile was traced to Mr. Brown after police determined that his step-father purchased the car for him and saw him with it the day before or the day of the attempted robbery. Moreover, Curley testified that Mr. Brown drove the white Oldsmobile to and from the attempted robbery, knew that Curley had a gun, and agreed to dispose of both the car and the gun after the crime was completed. According to Curley, it

was Mr. Brown's idea to rob the grocery store to ensure that "he would have something" on Curley because Curley "had never gone in on the previous things that [they] had done." R. Vol. IV at 279, 281. Curley also testified that Mr. Brown entered the grocery store twice just before the attempted robbery to alert them when to commit the crime. This testimony was corroborated by Mr. Brown's own admission that he was in the grocery store on the day of the attempted robbery, as well as surveillance video from the store's security cameras, which recorded him in the store just minutes before Curley and the third suspect entered.

Additionally, an inmate who was incarcerated with Mr. Brown testified that Mr. Brown told him he was being prosecuted for robbing the grocery store because the car's license plate had been seen at the robbery. Further, the inmate reported that someone had been shot inside the grocery store and that Mr. Brown "had to lift him off the sidewalk into the car." *Id*. at 212. The inmate testified that the man who had been shot was named Mike Curley and that Mr. Brown had disposed of the car and the gun. Finally, there was evidence that the gun used by Curley and merchandise sold by the store had traveled in interstate commerce. This evidence, when viewed in the light most favorably to the verdict, demonstrates that it would be frivolous to argue that a reasonable jury could not find Mr. Brown guilty of the crimes charged beyond a reasonable doubt.

2. Admission of Evidence

Next, we consider counsel's proffered argument that the district court erred in authenticating two unsigned letters purportedly written by Mr. Brown to Curley while in prison. We review the district court's admission of this evidence for an abuse of discretion. *See United States v. Henry*, 164 F.3d 1304, 1309 (10th Cir. 1999). Under Federal Rule of Evidence 901(b)(4), authentication of evidence is proper if its appearance, contents, substance, internal patterns or other distinctive characteristics, taken in conjunction with circumstances "support a finding that the matter in question is what its proponent claims." *United States v. Gutierrez*, 576 F.2d 269, 276 (10th Cir. 1978).

Here, the letters contained sufficient specific references to the attempted robbery and the individuals involved that they may be properly authenticated as having been written by Mr. Brown. Both letters refer to the third suspect by monikers known only to Mr. Brown and Curley. Moreover, the first letter mentions as a veiled threat that the gun used in the attempted robbery was not destroyed and therefore Curley should pay Mr. Brown's attorney's fees and cell phone bill, as well as bond him out of prison and deposit money in his inmate account. Similarly, the second letter again states that the gun was not destroyed; it also indicates that Mr. Brown saved Curley's life and "took the heat" "because of the car." R. Vol. IV at 323-24. Coupled with these references was Curley's testimony that he believed Mr. Brown authored the letters. *See* Fed. R. Evid.

-5-

901(b)(1). Given the content of the letters and the circumstances surrounding this case, the authentication requirements were clearly satisfied. It would therefore be frivolous to contend that they were not properly admitted.

3. Ineffective Assistance of Counsel

The third issue raised by Mr. Brown's attorney is that trial counsel was ineffective. But as Mr. Brown's attorney correctly points out, ineffective assistance of counsel claims must be brought in collateral proceedings, not on direct appeal. *See United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005). Indeed, "'[s]uch claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.'" *Id.*, (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)). Consequently, we agree that this is a frivolous argument.

## B. Non-*Anders* Issues

We proceed, then, to consider those issues raised by Mr. Brown himself, specifically, whether he was denied the right to self-representation or improperly denied substitute counsel following trial. As for his first proposition, he failed to clearly and unequivocally invoke his right to self-representation. *See Faretta v. California*, 422 U.S. 806, 835 (1975). Indeed, the record indicates that immediately before trial, Mr. Brown sought to represent himself with the help of a new attorney, but when his request for substitute counsel was denied, he opted to retain his appointed counsel, Mr. Art Fleak:

THE COURT: All right, once again, Mr. Brown, do you want to represent yourself? We're going to trial in just a few minutes. Or do you want Mr. Fleak to represent you?

THE DEFENDANT: He'll represent me and if [I] get found guilty I will just appeal this.

R. Vol. III at 23.

Mr. Brown's second proposition – that he was improperly denied substitute counsel after trial – is equally frivolous because he failed to make a valid request. "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005) (internal quotation marks omitted), *cert. denied*, 546 U.S. 980 (2005). Mr. Brown, however, made only a bare demand for new counsel, without providing any rationale at all. Although he insists the court was obligated to investigate why he sought a new attorney, *see United States v. Lott*, 433 F.3d 718, 725 (10th Cir. 2006) (delimiting four factors courts must consider in assessing whether there has been a complete breakdown in communication), *cert. denied*, 127 S. Ct. 118 (2006), the court's pre-trial inquiry revealed no valid reason for appointing new counsel, and Mr. Brown offered nothing to suggest otherwise. Moreover, the additional complaints Mr. Brown lodged against Mr. Fleak after the court denied his motion likewise failed to assert a proper basis for relief because "mere strategic disagreement" is

-7-

not good cause for substitution of counsel, *Porter*, 405 F.3d at 1140.  Thus,

Mr. Brown's failure to offer any valid reason for granting substitute counsel

demonstrates that this contention is wholly frivolous.

The appeal is DISMISSED.

Entered for the Court


Wade Brorby
Circuit Judge