FILED
United States Court of Appeals
Tenth Circuit

**March 22, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK EDWARD BROWN,

Defendant - Appellant.

No. 09-5137

(N.D. Oklahoma)

(D.C. No. 4:08-CV-00633-CVE-PJC)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Proceeding *pro se*, Mark Edward Brown seeks to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

The matter is before this court on Brown's request for a certificate of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

appealability ("COA").  28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA).  We **grant** Brown's application in part, **deny** it in part, and **affirm** the district court's denial of habeas relief with respect to the one claim on which we grant COA.

A federal jury found Brown guilty of attempted robbery, and aiding and abetting; brandishing a firearm during a crime of violence, and aiding and abetting; and being a felon in possession of a firearm.  After entry of judgment, Brown's counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Brown filed a response to the *Anders* brief.  This court denied relief on all the *Anders* issues and the additional issues raised by Brown in his response.  *United States v. Brown*, 255 F. App'x 292, 295-96 (10th Cir. 2007).

Brown filed the instant § 2255 motion on October 23, 2008, raising three claims: (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, and (2) the failure of this court to properly address his request for substitution of counsel.  The district court first addressed Brown's thirteen individual claims of ineffective assistance of trial counsel.  Applying the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 688-89 (1984), the court concluded Brown was not entitled to relief on any claim because he was either unable to demonstrate his trial counsel's performance was deficient or failed to show he suffered any prejudice from the alleged deficient performance.  The court

next addressed Brown's ineffective assistance of appellate counsel claim. The court concluded Brown was not entitled to habeas relief on this claim because the issues Brown's counsel failed to include in his *Anders* brief were raised in Brown's response and dismissed by this court as frivolous. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) ("If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.'"). Finally, the district court concluded Brown was not entitled to habeas relief on his claim that this court failed to appoint substitute appellate counsel.

Brown seeks a COA on five of the issues addressed by the district court: (1) trial counsel was ineffective for failing to challenge the submission of the brandishing charge to the jury, (2) trial counsel failed to provide him with access to discovery materials, (3) trial counsel failed to request an instruction on identification, (4) appellate counsel was ineffective for failing to raise numerous issues on appeal, and (5) trial counsel was ineffective for failing to file a motion to recuse the trial judge. To be entitled to a COA, Brown must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*

*v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  In evaluating whether Brown has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Brown need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.*

Having undertaken a review of Brown's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Brown is entitled to a COA on his fifth claim.  The district court concluded Brown was not entitled to habeas relief on that claim because he never previously appeared before Judge Cook.  Brown, however, has attached a judgment showing he appeared before Judge Cook in 1991, and was acquitted of conspiracy, bank robbery, and carrying a firearm during the commission of a crime of violence.[1]  To prevail on this ineffective assistance claim, Brown must show both that his attorney's representation was deficient and the substandard performance prejudiced him.  *Strickland*, 466 U.S. at 687.  Brown, however, has wholly failed to show how he was prejudiced by counsel's failure to seek a recusal.  His claim, therefore, fails on the merits and we **affirm** the district

---

[1]It appears the Government responded to Brown's claim by providing the district court with a copy of a judgment in a criminal matter involving a different Mark Edward Brown.

court's dismissal of it. *See id.* at 697 (holding a court may resolve an ineffective assistance of counsel claim on either the performance or the prejudice prong). The district court's resolution of Brown's remaining claims is not reasonably subject to debate and the issues he seeks to raise on appeal relating to those claims are not adequate to deserve further proceedings. Thus, we deny COA on those claims.

Brown's application for a COA is **granted** in part and **denied** in part. As to the issue on which COA is granted, the district court's denial of relief is **affirmed**. As to the remaining issues, COA is **denied** and Brown's appeal is **dismissed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge